# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:10-CV-00046-R

MICHAEL BRILEY                                                           PLAINTIFF

v.

U.S. UNITED BARGE LINE, LLC                     DEFENDANT/
                                                                     THIRD-PARTY PLAINTIFF

v.

**DIXIE INDUSTRIES, a division of**
**COLUMBUS MCKINNON CORP.**                      **THIRD-PARTY DEFENDANT**

## OPINION AND ORDER

Plaintiff Michael Briley ("Mr. Briley") has moved for a protective order in advance of a deposition scheduled for August 22, 2011 (DN 56). Defendant U.S. United Barge Line, LLC ("UBL") has responded (DN 62). Considering the proximity of the deposition, the time for briefing has passed. This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's motion is DENIED.

## FACTUAL BACKGROUND

Mr. Briley was a member of the crew on the M/V CAROL McMANUS, a barge owned and operated by UBL. On December 22, 2009, while trying to slacken the stern wire connected to three barges, a pelican hook on a ratchet securing the wire broke and struck Mr. Briley in the leg, injuring him. Following the accident, Mr. Briley claimed he was incapable of returning to work because of physical limitations stemming from his injury. Mr. Briley then brought this action against UBL, claiming negligence, unseaworthiness, and entitlement to maintenance and cure. Subsequently, UBL filed a third-party complaint against the manufacturer of the ratchet,

1

Dixie Industries.

On September 10, 2010, a private investigator hired by UBL met and spoke for three hours with Alisa Briley ("Ms. Briley"), the wife of Mr. Briley. According to an affidavit from the investigator, Ms. Briley revealed that Mr. Briley had engaged in physical activities in professional and recreational settings. UBL has now given notice that it intends to depose Ms. Briley on August 22, 2011. In advance of that deposition, Mr. Briley has moved for a protective order to bar UBL from questioning her on any conversation that could be construed as marital communication.

## DISCUSSION

The Supreme Court in *Trammel v. United States*, 445 U.S. 40 (1980) recognized two forms of marital privileges: the adverse spousal testimony privilege and the confidential marital communications privilege. The former prevents one spouse from being compelled to testify against the other spouse, but does not foreclose the opportunity to testify should he or she wish to do so. *Id*. at 42-43; *see United States v. Sims*, 755 F.2d 1239, 1240-41 (6th Cir. 1985). The adverse spousal testimony privilege is generally limited to criminal matters. *See Flagg v. City of Detroit*, No. 05-74253, 2010 WL 3070104, at *1-2 (E.D. Mich. Aug. 4, 2010) (collecting cases).

The confidential martial communication privilege "bars testimony concerning statements privately communicated between spouses." *United States v. Marashi*, 913 F.2d 724, 729 (9th Cir. 1990) (citations omitted). Although the privilege may be asserted by either spouse, three prerequisites must be shown by the individual claiming the privilege:

> (1) At the time of communication there must have been a marriage recognized as valid by state law; (2) the privilege applies only to utterances or expressions intended by one spouse to convey a message to the other; and (3) the communication must be made in confidence.

2

*United States v. Porter*, 986 F.2d 1014, 1018 (6th Cir. 1993) (internal citations and quotation marks omitted). There are several exceptions to the confidential martial communications privilege, such as where the spouses are permanently separated at the time of the communication or are engaged in joint criminal activity. *See id.* at 119; *Sims*, 755 F.2d at 1243. Courts also preclude actions that are non-communicative from its protections. *See United States v. Thomas*, 109 F. App'x 727, 732 (6th Cir. 2004) (protecting only utterances or expressions); *United States v. Robinson*, 763 F.3d 778, 783 (6th Cir. 1985) (privilege only applies to conduct and expressions intended as communication between spouses). The privilege is construed narrowly since it ultimately works to exclude relevant evidence and inhibit the truth seeking function of the court. *See Trammel*, 445 U.S. at 50.

Assuming that Mr. Briley is basing his objections on the confidential martial communication privilege, this motion is premature.[1] The Federal Rules of Civil Procedure clarify that in the face of request for privileged information, a party must "describe the nature of the . . . communications . . . and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). "Although the person from whom the discovery is sought decides whether to claim a privilege or protection, the court ultimately decides whether, if this claim is challenged, the privilege or

---

[1] Several circuits have concluded the adverse spousal testimony privilege applies strictly to criminal proceedings to prevent a spouse from being called by the prosecution to testify. *See e.g.*, *United States v. Premises Known as 281 Syosset Woodbury Road, Woodbury, N.Y.*, 71 F.3d 1067, 1070 (2d Cir. 1995) (refusing to extend the privilege to quasi-criminal proceedings); *Appeal of Malfitano*, 633 F.2d 276, 277 (3d. Cir. 1980) ("The crux of this privilege is that a person may not be forced to be a witness against his or her spouse in a criminal proceeding."). It would appear the Sixth Circuit has not weighed in on the subject. As Mr. Briley has not provided controlling precedent to the contrary, the Court does not consider whether Ms. Briley's statements are protected by the adverse spousal testimony privilege in a civil setting.

protection applies." *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 162 F.R.D. 490, 492 (E.D. Pa. 1995) (quoting *Communication from the Chief Justice of the United States Transmitting Amendments to the Federal Rules of Civil Procedure and Forms*, pursuant to 28 U.S.C. 2072, H.R. Doc. No. 74, 103d Congress, 1st Sess. (1993), 146 F.R.D. 402, 639 (1993)). Currently, the Court has no information to what communications Mr. Briley is referring, the circumstances of those communications, or the martial status of Mr. and Ms. Briley. Simply asserting a privilege without detailing the relevant background is an inadequate foundation for the Court to rule in either party's favor. In addition, there is a question as to whether Ms. Briley's conversation with the private investigator has waived a portion or all of the privilege Mr. Briley hopes to invoke. Without more background on that conversation, the Court cannot determine the status of the privilege and to what communications it may apply.

Mr. Briley's claim of the marital confidential communication privilege may be confronted after Ms. Briley's deposition takes place. There, Mr. Briley or Ms. Briley may assert the privilege regarding specific questions and the Court will be able to review the privilege in a more developed context. However, in accordance with Rule 26(b)(5)'s provisions, Ms. Briley must provide sufficient information to determine whether the privilege is warranted; a blanket claim of privilege will be insufficient for this Court to ascertain the nature of the spousal communication and whether it merits protection. *See Donovan v. Fitzsimmons (In re Morganroth)*, 718 F.2d 161, 167 (6th Cir. 1983) ("A blanket assertion of the privilege by a witness is not sufficient to meet the reasonable cause requirement and the privilege cannot be claimed in advance of the questions."); *Flagg*, 2010 WL 3070104, at *2 (blanket claim of privilege is improper). Finally, the privilege may not be asserted regarding the Briley's non-

4

communicative conduct - precedent is unambiguous that the bounds of the marital confidential communication privilege do not reach this far. *See Porter*, 986 F.2d at 1018 (protecting only "utterances or expressions intended by one spouse to convey a message to the other").

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion (DN 56) is DENIED. Ms. Briley's deposition may proceed on August 22, 2011, and Defendant U.S. United Barge Line, LLC may inquire about relevant marital communications. Should Mr. Briley or Ms. Briley feel the need, either may invoke the marital communications privilege to certain questions, provided Ms. Briley has given sufficient information for the Court to judge the appropriateness of the privilege. Frivolous claims of privilege however may warrant the imposition of sanctions.

Any objections Defendant U.S. United Barge Line, LLC has with the propriety of the privilege may be addressed in a motion to compel, to be filed after Ms. Briley's deposition. Frivolous objections may also warrant the imposition of sanctions.